. . . . . . . . . . . . of . . . . . . . . . . . ., for the Defendant.

*Northern District*

No. 5322

**PHILIP J. TUMINELLI**
**v.**
**CHARLES WEILANDT**

(January 13, 1960)

*Present:* Eno, J. (Presiding) & Northrup, J.

Case tried to *Artesani, J.,* in the Third District Court of Eastern Essex. No. 4492 of 1958.

*Eno, J.* By this action of tort the plaintiff seeks to recover damages to his automobile as a result of the alleged negligence of the defendant. The answer is a general denial.

*The facts stated in the report may be summarized as follows:*

The defendant was an employee of the Continental Hotel, of Cambridge, in the capacity of a garage attendant in the sub-

level part of the hotel used by guests to park their automobiles. The plaintiff was a salesman for a concern which sold merchandise to the hotel. There was a rule of the hotel to the effect that all deliveries must be made from the street and *not from the sub-level garage of the hotel.* This rule had been communicated to the plaintiff's employer, but he himself was unaware of it.

On the day in question the manager of the hotel telephoned to the place of business of the plaintiff's employer and told the plaintiff that the hotel was short of flour and asked for the immediate delivery of flour. The plaintiff, who was a salesman for his employer, but was not employed to make deliveries, answered that all the delivery trucks had already left, but that he personally would deliver the flour. He previously had made a delivery to the hotel on one occasion and that was made from the street. In accordance with his promise by telephone he drove his own automobile with a 100 lb. bag of flour into the sub-level garage of the hotel from where he made the delivery, as it was more convenient due to the weight of the bag of flour. While he was delivering this flour the defendant in attempting to move an automobile of a guest of the hotel, ran into and damaged the plaintiff's automobile while it was parked in said sub-level garage.

The trial judge made findings of facts which are substantially as above stated, found for the plaintiff and denied the defendant's **request number 5:**

"On all the facts and evidence in the case the Court is requested to rule as a matter of law, that the plaintiff to recover must prove the damage sustained was caused by the wanton, wilful or reckless conduct of the defendant."

with the notation of the trial judge: "Denied in view of the Court's findings."

The defendant claims that the plaintiff at the time in question was a trespasser and that in order to recover he had to prove that the damage sustained was caused by the wanton, wilful or reckless conduct of the defendant.

We do not agree with that contention.

The plaintiff was not employed as a delivery man for his employer and was unaware of the rule of the hotel. On the day in question he was making a delivery of flour in his own private automobile for the special benefit of the hotel.

We think that the trial judge could properly find that the plaintiff was an invitee of the hotel and was properly on its premises.

There was no prejudicial error therefore in the denial of the defendant's request for ruling and the report is to be dismissed.

Frank T. Wojcik, of Boston, for the Plaintiff.

Lawrence N. Pasquale, of Boston, for the Defendant.